UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, CTF SOLEDAD,<br><br>　　　　　　　Defendant. | Case No.: CV12-02564 PSG<br><br>**ORDER TO REASSIGN CASE AND REPORT AND RECOMMENDATION THAT PLAINTIFF ROSARIO MARINELLO'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **BE DENIED** |

On May 31, 2012, Plaintiff Rosario Marinello ("Marinello") proceeding pro se filed an amended complaint and an application to proceed *in forma pauperis*. Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Court Judge with the recommendation that Marinello's application to proceed *in forma pauperis* be DENIED.[1]

Granting or refusing permission to proceed *in forma pauperis* is a matter within the sound discretion of the trial court.[2] It is the court's duty to examine any *in forma pauperis* application "to determine whether the proposed proceeding has merit and if it appears that the proceeding is

---

[1] This court is ordering reassignment to a District Court Judge because, absent consent of all parties, a magistrate judge does not have the authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F.2d 548, 549 (9th Cir. 1988).

[2] *See Shobe v. People of State of California,* 362 F.2d 545, 546 (9th Cir. 1966).

Case No.: C- 12-02564 PSG
ORDER　　　　　　　1

without merit, the court is bound to deny a motion seeking leave proceed *in forma pauperis*."[3] A federal court must dismiss an *in forma pauperis* complaint if the complaint is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[4]

      Marinello brings a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and a claim for retaliation against the California Department of Corrections and Rehabilitation CTF Soledad ("DOCR").[5] These claims have already been adjudicated in favor of DOCR and affirmed by the Ninth Circuit.[6] Although Marinello alleges that material facts were overlooked in the previous decision by the District Court as well as in the denial of appeal by the Ninth Circuit,[7] Marinello ultimately is attempting to raise the same claims against the same defendant, as he has done several times previously.[8] His claims therefore appear barred by the doctrine of res judicata and lack merit. The case shall be reassigned to a U.S. District Judge and the undersigned recommends that the application to proceed *in forma pauperis* be DENIED.

      **IT IS SO ORDERED**

Dated:  6/15/2012

                                                      */s/ Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Smart v. Heinze*, 247 F.2d 114, 116 (9th Cir. 1965).

[4] *See* 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams,* 190 U.S. 319, 324 (1989).

[5] *See* Docket Item No. 6 (Amended Employment Discrimination Complaint Brief and Statement of Facts).

[6] *See Marinello v. California Dep't of Corrections and Rehabilitation,* 430 Fed.Appx. 583, 583 (9th Cir. 2011).

[7] *See* Docket Item No. 6 (Amended Employment Discrimination Complaint Brief and Statement of Facts).

[8] *See Marinello v. California Dep't of Corrections and Rehabilitation,* No. 5:11-cv-05186-PSG; *Marinello v. California Dep't of Corrections and Rehabilitation,* No. 5:11-cv-06682-RMW.

Case No.: C- 12-02564 PSG
ORDER                      2