**E-FILED on** 10/25/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO MARINELLO, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, CTF SOLEDAD, <br><br> Defendant. | No. C 12-02564 RMW <br><br> ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE BARRED FROM FILING FURTHER RELATED COMPLAINTS |

On May 18, 2012, plaintiff Rosario Marinello filed a complaint asserting claims under Title VII, 42 U.S.C. §§ 2000e *et seq.*, against defendant California Department of Corrections and Rehabilitation. Plaintiff claims that defendant discriminated against him when considering his application for promotion and, additionally, that defendant retaliated against him after he filed a complaint with the Equal Employment Opportunity Commission. Defendant has moved for dismissal of plaintiff's complaint based on the doctrine of res judicata.

From a review of the record, the court sees that this is the fifth action brought by plaintiff to seek redress for defendant's alleged violations of Title VII. *See Marinello v. California Dep't of Corrections and Rehabilitation*, 07-cv-01117-BZ; 08-cv-00664-JW; 11-cv-05186-EJD; 11-cv-

1  06682-RMW.[1]  Plaintiff's claims were thoroughly litigated before this court and summary judgment
2  was ordered against him in 2008, an order which was affirmed by the Ninth Circuit.  *See Marinello*
3  *v. California Dep't of Corrections and Rehabilitation*, 08-cv-00664-JW, Dkt. No. 97; Dkt. No. 106.
4  Plaintiff seeks through his present complaint to "reverse Summary Judgment granted to the
5  defendant ... in my previous complaint."  Dkt. No. 6 at 8.

6  Federal courts have the inherent power to regulate the activities of vexatious litigants.  *De*
7  *Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  In making a finding that a party is a
8  vexatious litigant, the court must: (1) assure that the litigant be given notice and the opportunity to
9  be heard, (2) make an adequate record listing the filings which support the order, (3) make
10 substantive findings that the party's filings are frivolous or harassing and (4) drafts a sufficiently
11 tailored order.  *Molski,* 500 F.3d at 105 (citing *De Long*, 912 F.2d. at 1147-48).

12 Here, it appears that plaintiff has filed repetitive and frivolous complaints which lack merit.
13 *See Marinello v. California Dep't of Corrections and Rehabilitation*, 11-cv-05186-EJD, Dkt. No. 9
14 (stating "the court finds this matter frivolous as it seeks to re-litigate a case that was previously
15 litigated and disposed of on the merits").  Further, there is no indication that the adjudication of
16 plaintiff's present complaint will convince him that there is no further redress available for the
17 claims he has repeatedly brought before this court.

18 For these reasons, plaintiff must appear before this court on November 9, 2012 at 9:00 A.M.
19 to respond to this order to show cause.  Plaintiff must additionally file a written response to this
20 order no later than November 7, 2012 addressing why he should not be declared a vexatious litigant
21 and barred from filing further actions in this court with respect to these defendants and with respect
22 to these or substantially similar claims without pre-filing review.

23 It is so ordered.

DATED:    October 25, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1]  The court will take judicial notice of these prior filings pursuant to its powers under Fed. R. Evid. 201(c) as facts "whose accuracy cannot reasonably be questioned." *Id*.  In responding to the present Order to Show Cause, plaintiff is at liberty to object to the court's notice of these records.

ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE BARRED FROM FILING FURTHER RELATED COMPLAINTS - No. C 12-02564 RMW              2