**E-FILED on** 11/13/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, CTF SOLEDAD,<br><br>　　　　Defendants. | No. 12-02564 RMW<br><br>ORDER GRANTING MOTION TO DISMISS AND FINDING PLAINTIFF TO BE A VEXATIOUS LITIGANT |

Defendant California Department of Corrections and Rehabilitation ("CDCR") moves to dismiss plaintiff's action as barred by the doctrine of res judicata. On October 25, 2012, this court further issued an order to show cause why plaintiff should not be declared a vexatious litigant and why a pre-filing order should not be issued against plaintiff. The court held a hearing regarding defendant's motion and the order to show cause on November 9, 2012. Having considered the arguments of the parties, and for the reasons set forth below, the court grants defendant's motion to dismiss. The court will not at this time sanction plaintiff or require plaintiff to seek pre-filing review of any future complaints.

ORDER GRANTING MOTION TO DISMISS AND FINDING PLAINTIFF TO BE A VEXATIOUS LITIGANT - No. 12-02564 RMW
JLC

## I. BACKGROUND

Plaintiff began working for defendant as a correctional officer in 1986.[1] On March 3, 2005, plaintiff received an offer for a Correctional Counselor I ("CCI") position that was conditional upon plaintiff submitting to and passing a background investigation. On December 5, 2005, CDCR informed plaintiff that he was unsuitable for the CCI position as the background investigation had uncovered various incidents during his employment in which plaintiff had exercised poor judgment and did not follow proper security procedures. On June 30, 2006, after filing appeals to the State Personnel Board ("SPB") regarding the CDCR's findings, plaintiff resigned from his current position. On January 26, 2007, the SPB permanently disqualified plaintiff from obtaining the CCI position.

On July 31, 2006, plaintiff initiated administrative charges with the Department of Fair Employment and Housing ("DFEH") in which he claimed that CDCR denied his CCI application because of his Sicilian ancestry and in retaliation for his appeals to the SPB. On October 2, 2006, plaintiff brought additional allegations that CDCR discriminated against him after his SPB appeals to the Equal Employment Opportunity Commission ("EEOC") by permanently disqualifying him from the CCI position. Plaintiff then filed a second EEOC complaint on September 4, 2007, in which he alleged that CDCR retaliated against him for filing the first EEOC charges.

On February 23, 2007, plaintiff initiated a federal action in the Northern District against CDCR alleging employment discrimination under Title VII, 42 U.S.C. § 2000e. Plaintiff's complaint was thereafter dismissed without prejudice on December 20, 2007 after plaintiff failed to pay the filing fee and because he was still pursuing his administrative appeals through the SPB. *See*

---

[1] This factual background is substantially derived from the undisputed factual statement contained in the summary judgment opinion written by this court in 2009. *See Marinello v. California Dep't of Corrections and Rehabilitation*, 08-cv-00664-JW, Dkt. No. 97. Facts missing from the court's earlier decision will include specific citations. Though plaintiff has not attached this order to the instant complaint, on a motion to dismiss the court "may take judicial notice of 'matters of public record' ... as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations omitted).

*Marinello v. California Dep't of Corrections and Rehabilitation*, 07-cv-01117-BZ, Dkt. No. 33.[2] Plaintiff then brought a second federal action against CDCR on January 25, 2008, amended on July 1, 2008, in which he again alleged that CDCR had impermissibly retaliated against him in its permanent disqualification decision. The court subsequently granted summary judgment to CDCR on December 10, 2009 and the decision was affirmed on appeal by the Ninth Circuit on April 28, 2011. *See Marinello*, 08-cv-00664-JW, Dkt. Nos. 97, 106.

Plaintiff subsequently brought two actions in this court in which he attempted to overturn the previous summary judgment decision. *See Marinello*, 11-cv-05186-EJD (dismissed by order of December 20, 2011); *see also Marinello*, 11-cv-06682-RMW (dismissed by order of May 10, 2012). Plaintiff brought the instant and third action against CDCR and CTF[3] on May 18, 2012, eight days after the dismissal of his previous complaint. With this complaint, plaintiff explicitly seeks to "reverse Summary Judgment granted to the defendant ... in my previous complaint." Dkt. No. 6 (Am. Compl.) at 8. Plaintiff also alleges facts concerning his national origin claim that occurred in 2002, asserting that these facts further constitute "[m]aterial facts that I was not able present" in the 2008 case. *Id*. at 7. Defendants moved to dismiss plaintiff's most recent complaint on September 24, 2012.

## II. ANALYSIS

### A. Res Judicata

Defendant asserts that dismissal of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper because such claims are barred by the doctrine of res judicata. Res judicata precludes the litigation of claims brought in a subsequent action where the parties had a "full and fair opportunity to litigate" the same or related claims in a prior action. *Montana v. U.S.*,

---

[2] The court will take judicial notice of plaintiff's prior proceedings in this court under Federal Rule of Evidence 201(c) as facts whose "accuracy cannot reasonably be questioned."

[3] Plaintiff argues that CDCR and CTF are separate entities. However, plaintiff states, "CTF Soledad is an institution of the [CDCR]." Dkt. No. 24 at 6. Therefore, the court construes CDCR and CTF to be the same party for the purposes of this order.

United States District Court
For the Northern District of California

1 440 U.S. 147, 153-154 (1979). Plaintiff has offered no compelling reason why his claims are not barred by res judicata and a plain reading of the prior summary judgment order in conjunction with plaintiff's instant complaint is sufficient to dismiss plaintiff's complaint with prejudice.

**B.    Vexatious Litigant**

On October 25, 2012, this court issued an order to show cause why plaintiff should not be declared a vexatious litigant and be subject to a pre-filing order requiring him to seek leave of the court before filing any further complaints against the CDCR on these or similar facts.

Commonly referred to as the "All Writs Act," Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is well-established that this court has the power to enter pre-filing orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147-1148 (9th Cir. 1990); *see also Moy v. United States*, 906 F.2d 467, 468, 471 (9th Cir. 1990) (upholding pre-filing order against *pro se* litigant). Such orders are an extreme remedy because they can impinge upon the ability of litigants seeking redress with rightful claims to reach the court. *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007). Therefore the court should not exercise undue haste in granting pre-filing orders and should proceed "only after a cautious review of the pertinent circumstances." *De Long*, 912 F.2d at 1148.

Such a review "should be approached with particular caution" when dealing with *pro se* litigants. *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980), *cert. denied,* 449 U.S. 829 (1980). However, there are also sound policy reasons supporting the use of filing limitations against unrepresented parties when proper, as they allow the courts to maintain their docket when other controls are often unavailable. *Doran v. Vicorp Restaurants, Inc.,* 407 F. Supp. 2d 1115, 1118 (C.D. Cal. 2005) (noting that unlike *pro se* parties, attorneys are less likely to file frivolous claims because they both face the continuous threat of malpractice and depend on their reputation in the community to sustain their careers).

The Ninth Circuit has announced that in making a finding that a party is a vexatious litigant, the court must: (1) assure that the litigant be given notice and the opportunity to be heard; (2) make

ORDER GRANTING MOTION TO DISMISS AND FINDING PLAINTIFF TO BE A VEXATIOUS LITIGANT - No. 12-02564 RMW
JLC                                                                   4

an adequate record listing the filings which support the order; and (3) make substantive findings that the party's filings are frivolous or harassing. *Molski,* 500 F.3d at 105 (citing *De Long*, 912 F.2d at 1147-1148). Finally, the resulting order must be "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1148.

### 1. Notice Requirement

A pre-filing order may only issue after the party has received both notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147. Here, the court issued an order to show cause which plaintiff claims he did not receive though he was shown a copy by defendant's counsel at the hearing.

### 2. An Adequate Record

As explained in detail above, plaintiff has filed in total five different actions based on the same set of facts and each alleging that defendant had taken retaliatory actions against him in violation of Title VII. In the period following full adjudication by this court of plaintiff's claims on summary judgment in 2009, and after plaintiff further lost on appeal to the Ninth Circuit, plaintiff has filed three separate complaints seeking to further litigate these issues. This opinion is thus the third to make clear to plaintiff that his claims are barred by the doctrine of res judicata.

### 3. Finding of Frivolousness or Harassment

A pre-filing order is only proper upon a finding that a litigant's prior filings have been frivolous or harassing. *De Long*, 912 F.2d at 1148. In arriving at such a finding, the district court must consider both the number and content of the prior filings as indicia of the "frivolousness of the litigant's claims." *Id.* (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). The Ninth Circuit has advised that in defining the word frivolous, the court should turn to the "ordinary, contemporary, common meaning" of the word. *Wilson v. Pier 1 Imports (US), Inc.*, 411 F. Supp.2d 1196, 1198 (E.D. Cal. 2006) (quoting from *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous as "of little weight or importance: having no basis in law or fact" in the context of 28 U.S.C. § 1915(g)); *see also Les Shockley Racing, Inc. v. National Hot Rod Association*, 884 F.2d 504, 510 (9th Cir. 1989) (stating a pleading or motion is frivolous for purposes of Rule 11 when "a

competent attorney after a reasonable investigation could not have determined that a well-founded basis in fact and in law or a good faith argument for extension of law supported the filing").

Here, plaintiff has sought to relitigate his Title VII claims through separate complaints after summary judgment was granted in favor of defendant on those very claims in 2009. Plaintiff was specifically advised by this court in his previous case that his claims lacked merit and were frivolous. *See Marinello*, 11-cv-05186-EJD, Dkt. No. 9. ("The court finds this matter frivolous as it seeks to re-litigate a case that was previously litigated and disposed of on the merits."). As, there was no legal or factual support for plaintiff filing his third, fourth or fifth complaint, the court finds these complaints to fit squarely within the meaning of frivolous.

### 4. Narrow Tailoring of the Order

For a pre-filing order to survive appellate scrutiny, the order must be narrowly tailored to prevent the harm committed from reoccurring and to avoid an unnecessary infringement upon a litigant's access to the courts. *De Long*, 912 F.2d at 1148.

**Conclusion**

The Ninth Circuit has announced that courts have an affirmative obligation to "ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts. Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts."*O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). The court is aware that plaintiff's repeated complaints have forced not only the expenditure of time and money on the part of defendant but also the use of the court's limited resources that could be better put to the service of legally supported claims. Based on the evidence before it, the court therefore concludes plaintiff is a vexatious litigant. However, given the relatively short notice for the order to show cause and plaintiff's claim that he did not receive it, the court will not enter a pre-filing order at this time. Plaintiff is hereby cautioned that under Federal Rule of Civil Procedure 11 and its inherent powers, the court has the authority to sanction a party that files frivolous or abusive actions.

**C. Application To Proceed In Forma Pauperis**

On June 5, 2012, plaintiff submitted an amended application to proceed in forma pauperis. Dkt. No. 7. The magistrate judge recommended that plaintiff's application be denied as lacking

1  merit on June 15, 2012, and ordered the case reassigned to this court. Dkt. No. 8. Plaintiff objected
2  to this recommendation on June 26, 2012. Dkt. No. 10. Pursuant to 28 U.S.C. section
3  1915(e)(2)(B), in considering an in forma pauperis application, the court must dismiss the case if it
4  finds the complaint either fails to state a claim or is otherwise frivolous. In light of the analysis
5  undertaken by this court throughout this order regarding the frivolous nature of plaintiff's complaint,
6  the court agrees with the recommendation of the magistrate judge and denies plaintiff's application
7  to proceed in forma pauperis.

### III.  ORDER

For the reasons set forth above, this court grants defendant's motion to dismiss and denies plaintiff's application to proceed in forma pauperis.

IT IS SO ORDERED.

DATED:     November 9, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge